USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

RICHARD NOBLE,

                            Plaintiff,

              -v-

CRAZETEES.COM, *et al.*,

                            Defendants.

------------------------------------------------------------X

13 Civ. 5086 (PAE) (HBP)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is the July 17, 2015 Report and Recommendation of Magistrate Judge Henry B. Pitman that the Court grant plaintiff Richard Noble $100,000 in damages, $11,000 in attorneys' fees, $457 in costs, and a permanent injunction enjoining the defendants from further infringement of Noble's copyrighted image. Dkt. 35 (the "Report"). For the following reasons, the Court adopts the Report in full.

I.    **Background**

On July 22, 2013, Noble commenced this action by filing the Complaint, Dkt. 1, and on August 19, 2013, Noble filed an Amended Complaint against Crazetees.com, Tshirtsiwant.com, Swag-city.com, Teemazing.com, Tshirtvamp.com, Tshirtearth.com, Thetshop.com, Tshirtroyalty.com, Constantinos Tzouanakis, Rory Cabral, Yuqing Zhou, Studiotees.com, and Redline Distributing d/b/a Blanktshirts.ca (collectively, "defendants"),[1] alleging copyright infringement under Section 501 of the Copyright Act, 17 U.S.C. §§ 101 *et seq.* Dkt. 3. The

---

[1] The original Complaint also named Blank Shirts, Inc. as a defendant. On August 21, 2013, this Court granted plaintiff's stipulation of voluntary dismissal of the claims against Blank Shirts, Inc. Dkt. 4.

copyrighted image at issue is a photograph of Bo Jackson, taken by Noble, titled "Bo Stands Tall" (the "Image").  Report at 6.  On January 28, 2014, the Court approved service by email of the summons and Amended Complaint, and deemed service to be complete and effective.  Dkt. 10.  Defendants have never filed an answer or otherwise appeared in this case.

On February 20, 2014, Noble obtained a clerk's certificate of default as to all defendants, Dkt. 13, and on March 13, 2014, the Court issued an order to show cause why default judgment should not be granted, Dkt. 14.  On April 4, 2014, the Court entered a default judgment against all defendants, Dkt. 21, and referred the case to Judge Pitman for an inquest into damages, Dkt. 22.

On July 17, 2015, Judge Pitman issued the Report currently under review.  The Report explained that, under the Copyright Act, a prevailing plaintiff is entitled to damages, attorneys' fees, and costs.  Report at 10–12, 16–17, 27.  Statutory damages of up to $150,000 are permitted under the statute, where, as here, plaintiff establishes that infringements are willful.  *Id.* at 11–12.  After considering the various factors required for determining the appropriate amount of statutory damages, "including the expenses saved and the profits reaped by the infringer, revenues lost by the plaintiffs, the value of the copyright, the deterrent effect of the award on others besides the defendant, whether the defendant's conduct was innocent or willful, whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced, and the potential for discouraging the defendant," *id.*, Judge Pitman determined that the appropriate award of statutory damages was $100,000, *id.* at 12–14.  The Report also recommended granting a permanent injunction prohibiting defendants from continued infringement of the Image, finding that all four factors required for injunctive relief were met.  *Id.* at 14–16.  The Report also concluded that the requested fee award reflected

reasonable hourly rates for plaintiff's counsel and law clerk, but an unreasonable rate for an associate who worked on the case, whose rate Judge Pitman recommended reducing from $375 per hour to $325 per hour.  *Id.* at 17–22.  The Report further determined that the fee request reflected a reasonable number of hours worked, although it declined to credit certain attorney hours not reflected on contemporaneous time records (1.5 hours for plaintiff's counsel and 0.5 hours for the associate).  *Id.* at 22–26.  The Report also determined that plaintiff's claimed costs were reasonable.  *Id.* at 27.  Judge Pitman therefore recommended granting $11,000 in attorneys' fees and $457 in costs.  *Id.* at 27.

The deadline for parties to file objections to the Report was July 31, 2015.  Dkt. 35.  To date, no objections have been filed.

## II.   Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Ruiz v. Citibank, N.A*., No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009), *aff'd*, 453 F. App'x 88 (2d Cir. 2011) (summary order)) (internal quotation marks omitted); *see also, e.g.*, *Mims v. Walsh*, No. 04 Civ. 6133 (BSJ) (FM), 2012 WL 6699070, at *2 (S.D.N.Y. Dec. 23, 2012) (citing *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006)).

Because neither Noble nor any of the defendants has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Pitman's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "[f]ailure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 28 (emphases omitted), both parties' failure to object operates as a waiver of appellate review. *See Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (summary order) (citing *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)).

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full. Noble is hereby awarded $100,000 in statutory damages, $11,000 in attorneys' fees, and $457 in costs, and the Court permanently enjoins defendants from further infringements of the Image.

The Clerk of Court is respectfully directed to terminate all pending motions, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 28, 2015
 New York, New York